**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZURICH AMERICAN INSURANCE
COMPANY; et al.,

        Plaintiffs-Appellants,

v.

IRONSHORE SPECIALTY INSURANCE
COMPANY,

        Defendant-Appellee.

No. 18-16950

D.C. No.
2:14-cv-00060-TLN-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted April 14, 2020[**]
San Francisco, California

Before: BERZON and IKUTA, Circuit Judges, and LEMELLE,[***] District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Zurich American Insurance Company (Zurich) appeals the district court's grant of summary judgment in favor of Ironshore Specialty Insurance Company (Ironshore). We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in holding that Ironshore did not have a duty to defend its insureds, Matts Roofing, Inc. and Sherman Loehr Custom Tile Works, Inc., against any of the 21 underlying construction-defect lawsuits. Ironshore's policy excluded coverage for property damage from work performed by its insured prior to policy inception (the Exclusion Provision), and there is no dispute that each of the 21 complaints alleged property damage from work performed by the insureds years before the policy period began. Although Ironshore's policy included an exception to the Exclusion Provision for any property damage that "is sudden and accidental and takes place within the policy period," Zurich failed to raise a genuine issue of material fact that any property damage alleged in the 21 complaints was sudden and accidental. *See Gunderson v. Fire Ins. Exch.*, 37 Cal. App. 4th 1106, 1114 (1995). Therefore, Zurich failed to carry its burden of making a prima facie showing that the exception to the Exclusion Provision applied. *See Aydin Corp. v. First State Ins. Co.*, 18 Cal.4th 1183, 1188, 1194 (1998). Because Zurich failed to show any potential for coverage under

2

Ironshore's policy, Ironshore had no duty to defend. *La Jolla Beach & Tennis Club, Inc. v. Indus. Indem. Co.*, 9 Cal. 4th 27, 39–40 (1994).

Zurich's remaining arguments also fail. Any error by the district court in requesting supplemental evidence regarding when the escrow for certain sales closed was harmless, because such evidence was not relevant to the question whether Ironshore had a duty to defend. Nor did the district court err in holding that Ironshore's insurance policy is enforceable under California law. Ironshore's policy is not ambiguous regarding the trigger of coverage, unlike the policy at issue in *Pennsylvania General Insurance Co. v. American Safety Indemnity Co.*, 185 Cal. App. 4th 1515 (2010), but clearly provides that property damage caused by work "performed prior to policy inception" is excluded from coverage.

**AFFIRMED.**